IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
*(electronically filed)*

| | |
|---|---|
| MIRON CONSTRUCTION CO., INC.<br>1471 McMahon Drive<br>Neenah, Wisconsin 54956<br><br>Plaintiff,<br><br>vs.<br><br>ICC – INTERNATIONAL CERAMIC<br>CORP., LLC, d/b/a MULLER SURFACES<br>5260 Parkway Plaza Blvd. # 170<br>Charlotte, North Carolina 28217<br><br>    Serve: Kentucky Secretary of State<br>            Summons Branch<br>            700 Capital Avenue, Suite 86<br>            Frankfort, Kentucky 40601<br><br>and<br><br>COLONIAL SURETY COMPANY<br>123 Tice Boulevard<br>Woodcliff Lake, New Jersey 07677<br><br>    Serve: Kentucky Secretary of State<br>            Summons Branch<br>            700 Capital Avenue, Suite 86<br>            Frankfort, Kentucky 40601<br><br>Defendants. | Case No: 1:25-cv-25-GNS |

## COMPLAINT

Comes the Plaintiff, Miron Construction Co., Inc. ("Miron"), by counsel, and, for its Complaint in the above-styled action, states as follows:

1 of 13

1. Miron is a Wisconsin corporation, authorized to conduct business in Kentucky, with its principal place of business located at P.O. Box 509, Neenah, Wisconsin 54947.

2. Upon information and belief, Defendant, ICC-International Ceramic Corp., d/b/a Muller Services ("Muller") is a North Carolina corporation with its principal place of business at 5260 Parkway Plaza Boulevard, #170, Charlotte, North Carolina 28217.

3. Upon information and belief, Defendant Colonial Surety Company ("Surety") is a Pennsylvania corporation with its principal place of business at 123 Tice Boulevard, Woodcliff Lake, New Jersey 07677.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 as the citizenship of the Plaintiff is diverse from the citizenship of all Defendants and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

5. Venue is proper in the Western District of Kentucky pursuant to 28 U.S.C. §1391 and 40 U.S.C. §3133(b)(3)(B) as the contract upon which the action is based was performed within this District.

## COMMON ALLEGATIONS OF FACT

6. Miron incorporates, as if fully set forth below, the allegations contained in numerical paragraphs 1 through 6 of this Complaint.

7. On or about October 4, 2022, Miron and Muller entered into a Master Subcontract Agreement ("MSA"), whereby both parties agreed they would work on various construction projects together. A true and accurate copy of the MSA is attached hereto and incorporated herein as **Exhibit 1**.

8. On or around October 4, 2022, Miron and Muller entered into a Project Specific

Agreement ("PSA") under which Muller agreed to provide labor and materials necessary to furnish and install the Acid Brick Flooring for the construction of the Tyson Foods Inc. - New Bacon Facility, at 1388 Production Avenue, Bowling Green, Kentucky 42101 (the "Project"). A true and accurate copy of the PSA is attached hereto and incorporated herein as **Exhibit 2**.

9. On or about November 21, 2022, Muller and Surety executed with respect to the Project Payment and Performance Bonds, Bond Nos. CSC-228901 (collectively, the "Bond"), copies of which are attached hereto and incorporated herein as **Exhibit 3**.

10. During the course of the Project, Muller caused numerous delays and/or disruptions to the schedule.

11. Pursuant to Section 7.4 of the MSA, if Muller "delay[ed] or disrupt[ed] the progress…of the Project" then Muller would "be liable to Miron for any damages resulting from such delay or disruption."

12. Muller also failed to provide sufficient management and supervision to effectively oversee its scope of work.

13. Pursuant to Section 2.4 of the MSA, when Muller did not "properly coordinate its work," it became liable to Miron for "all Miron's costs of corrective action of any kind, whether its own or others, expended to achieve proper coordination of [Muller's] work, including Miron's actual attorney's fees."

14. Pursuant to Section 12.3 of the MSA, when Muller failed to remedy its defaults on the Project, Miron could "charge [Muller] costs and expenses, including overhead, profit, and actual attorneys' fees, which are due or become due." Miron could also retain replacement subcontractors to complete Muller's work or perform that work itself.

15. On or about June 5, 2023, Miron declared Muller in default pursuant to Section 12.

3 of the MSA. A copy of this Notice is attached hereto and incorporated herein as **Exhibit 4**. Among other things, Muller had failed to provide appropriate labor and materials and, eventually, Miron had to take over Muller's work.

16. On or about June 6, 2023, Miron learned that Muller had entered receivership.

17. On or about June 29, 2023, Miron notified the Surety that Muller was in receivership and that Miron would be asserting a claim against the Bond for Muller's failure to perform under the PSA. A copy of this letter is attached hereto and incorporated herein as **Exhibit 5**.

18. As of the date of this filing, Miron has expended in excess of $300,000.00 to complete Muller's scope of work.

## COUNT I - BREACH OF CONTRACT
### (Muller)

19. Miron incorporates herein, as if fully set forth below, the allegations contained in numerical paragraphs 1 through 18 of this Complaint.

20. The MSA and PSA are valid, binding, and enforceable.

21. Miron performed all obligations owing under the MSA and PSA.

22. Muller breached the MSA and PSA by failing and/or refusing to complete its work on the Project.

23. Pursuant to Section 12.3 of the MSA, Miron had the right to self-perform Muller's work when Muller failed to perform.

24. Miron has incurred (and will continue to incur) damages in excess of the jurisdictional amount required in this Court in curing Muller's defective performance on the Project.

25. Pursuant to the MSA and PSA, Miron is entitled to recover its costs incurred as a

result of Muller's defective performance.

26. Miron has retained Manion Stigger, LLP and Michael Best & Friedrich, LLP on a fee for service basis and, pursuant to the MSA and PSA, is entitled to recover its attorneys' fees and costs incurred in enforcing the contracts against Muller.

### COUNT II – CLAIM ON BOND
### (Surety)

27. Miron incorporates herein, as if fully set forth below, the allegations contained in numerical paragraphs 1 through 18 of this Complaint.

28. Miron articulated a claim for payment under the Bond.

29. Neither Muller nor Surety have paid Miron the amount due.

30. As a direct and proximate result of Muller and Surety's failure to pay Miron amounts due, Miron has been damaged in a principal amount in excess of the jurisdictional amount required in this Court, as well as prejudgment and post-judgment interest, and costs, including attorneys' fees.

31. The amounts expended by Miron to cure Muller's default have not been repaid and exceed the unpaid balance on Muller's contract. Miron is justly due for work and materials provided for the Project.

32. Miron has fulfilled all conditions precedent to its recovery against the Bond executed by Surety, as surety, and Muller, as principal, in connection with the Project.

**WHEREFORE**, the Plaintiff, Miron Construction Co., Inc., respectfully requests:

1. On Count One of the Complaint, for a judgment against Defendant, ICC-International Ceramic Corp., d/b/a Muller Services, in an amount to be determined at trial as sufficient to compensate Plaintiff for the work performed on the Project, including an amount sufficient to compensate Plaintiff for its damages resulting from Defendant's default on the

Subcontract;

      2.      On Count Two of the Complaint, for a judgment against Defendant, Colonial Surety Company, in an amount to be determined at trial as sufficient to compensate Plaintiff and for the work and materials provided for the Project;

      3.      For its court costs herein expended, including its reasonable attorneys' fees'

      4.      For an award of pre- and post-judgment interest at the legal rate, as appropriate; and

      5.      For any and all other relief to which Plaintiff and Use Plaintiff may properly appear entitled.

      Respectfully submitted,

*/s/ Jean M. Terry*
Jean M. Terry
Angelo D. DiBartolomeo
MANION STIGGER, LLP
One Riverfront Place
500 West Jefferson Street, Suite 1610
Louisville, Kentucky 40202
Telephone: (502) 244-4944
Facsimile: (502) 244-4944
E-mail: jterry@manionstigger.com
       adibartolomeo@manionstigger.com
*Counsel for Miron Construction Co., Inc.,*