IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA f/u/b/o ) <br> MIRON CONSTRUCTION CO., INC., ) <br> ) <br>    *Plaintiff,* ) <br> ) <br> v. ) <br> ) <br> ICC – INTERNATIONAL CERAMIC CORP., LLC ) <br> d/b/a MULLER SURFACES and ) <br> COLONIAL SUETY COMPANY, ) <br> ) <br>    *Defendants.* ) | Civil Action No. 1:25-cv-25-GNS |

**COLONIAL SURETY COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Colonial Surety Company ("Colonial"), by and through the undersigned counsel, as and for its Answer to the First Amended Complaint (the "Complaint") of Plaintiff, United States of America for the use and benefit of Miron Construction Co., Inc. ("Plaintiff"), alleges and says the following:

1. Colonial lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "1" of the Complaint and therefore denies them.

2. Colonial lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "2" of the Complaint and therefore denies them.

3. Colonial admits the allegations set forth in Paragraph "3" of the Complaint.

**IN RESPONSE TO JURISDICTION AND VENUE**

4. Colonial denies the allegations set forth in Paragraph "4" of the Complaint.

5. Colonial denies the allegations set forth in Paragraph "5" of the Complaint.

6. The allegations contained in Paragraph "6" of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Colonial lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph "6" of the Complaint and therefore denies them.

7. Colonial denies the allegations set forth in Paragraph "7" of the Complaint.

**IN RESPONSE TO COMMON ALLEGATIONS OF FACT**

8. Colonial repeats and re-alleges its response to every one of the foregoing allegations and statements contained in the above paragraphs, as if recited in full herein.

9. Upon information and belief, Colonial admits that attached to the Complaint as Exhibit 1 is a contract entitled Master Subcontract Agreement (the "MSA"). Colonial avers that the MSA is a written instrument and refers the Court to the document for its terms, conditions and legal effect. Except as expressly admitted, Colonial denies the remaining allegations contained in Paragraph "9" of the Complaint.

10. Upon information and belief, Colonial admits that attached to the Complaint as Exhibit 2 is a contract entitled Project Specific Agreement (the "PSA"). Colonial avers that the PSA is a written instrument and refers the Court to the document for its terms, conditions and legal effect. Except as expressly admitted, Colonial denies the remaining allegations contained in Paragraph "10" of the Complaint.

11. Colonial admits that Colonial, as surety, issued and/or executed a performance bond (the "Performance Bond") and a payment bond (the "Payment Bond"), each bearing bond no. CSC-228901 (collectively, the "Bonds"), on behalf of Muller, as principal, and in favor of Plaintiff, as obligee, which are attached to the Complaint as Exhibit 3. Colonial avers that the Bonds are

written instruments and refers the Court to the documents for their terms, conditions and legal effect.

12.     Colonial lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph "12" of the Complaint and therefore denies them.

13.     The allegations contained in Paragraph "13" of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Colonial only admits that attached to the Complaint as Exhibit 1 is the MSA. To the extent the allegations are outside the express language of the MSA, Colonial denies the allegations contained in Paragraph "13" of the Complaint. Except as expressly admitted, Colonial denies the remaining allegations contained in Paragraph "13" of the Complaint. Colonial avers that the MSA is a written instrument and refers the Court to the document for its terms, conditions and legal effect.

14.     Colonial lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph "14" of the Complaint and therefore denies them.

15.     The allegations contained in Paragraph "15" of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Colonial only admits that attached to the Complaint as Exhibit 1 is the MSA. To the extent the allegations are outside the express language of the MSA, Colonial denies the allegations contained in Paragraph "15" of the Complaint. Except as expressly admitted, Colonial denies the remaining allegations contained in Paragraph "15" of the Complaint. Colonial avers that the MSA is a written instrument and refers the Court to the document for its terms, conditions and legal effect.

16.     The allegations contained in Paragraph "16" of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Colonial only admits that attached to the Complaint as Exhibit 1 is the MSA. To the extent the allegations are

outside the express language of the MSA, Colonial denies the allegations contained in Paragraph "16" of the Complaint. Except as expressly admitted, Colonial denies the remaining allegations contained in Paragraph "16" of the Complaint. Colonial avers that the MSA is a written instrument and refers the Court to the document for its terms, conditions and legal effect.

17. The allegations contained in Paragraph "17" of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Colonial only admits that a letter dated June 5, 2023, is attached to the Complaint as Exhibit 4. Upon information and belief, Colonial lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph "17" of the Complaint and therefore denies them. Colonial avers that the correspondence referenced in Paragraph "17" of the Complaint is a written instrument and refers the Court to the documents for its terms, conditions and legal effect.

18. Colonial lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "18" of the Complaint and therefore denies them.

19. The allegations contained in Paragraph "19" of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Colonial only admits that a letter dated June 29, 2023, entitled Notice of Claim Under Labor and Material Payment Bond is attached to the Complaint as Exhibit 5. Colonial denies the remaining allegations set forth in Paragraph "19" of the Complaint. Colonial avers that the correspondence referenced in Paragraph "19" of the Complaint is a written instrument and refers the Court to the documents for its terms, conditions and legal effect.

20. Colonial lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph "20" of the Complaint and therefore denies them.

**IN RESPONSE TO COUNT ONE**
*(Breach of Contract against Muller)*

21. Colonial repeats and re-alleges its response to every one of the foregoing allegations and statements contained in the above paragraphs, as if recited in full herein.

22. The allegations contained in Paragraph "22" of the Complaint is directed at Muller, only, therefore no response from Colonial is required. To the extent a response is required, Colonial lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph "22" of the Complaint and therefore denies them. Colonial avers that the PSA and MSA are written instruments and refers the Court to the documents for their terms, conditions and legal effect.

23. The allegations contained in Paragraph "23" of the Complaint is directed at Muller, only, therefore no response from Colonial is required. To the extent a response is required, Colonial lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph "23" of the Complaint and therefore denies them. Colonial avers that the PSA and MSA are written instruments and refers the Court to the documents for their terms, conditions and legal effect.

24. The allegations contained in Paragraph "24" of the Complaint is directed at Muller, only, therefore no response from Colonial is required. To the extent a response is required, Colonial lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph "24" of the Complaint and therefore denies them. Colonial avers that the PSA and MSA are written instruments and refers the Court to the documents for their terms, conditions and legal effect.

25. The allegations contained in Paragraph "25" of the Complaint is directed at Muller, only, therefore no response from Colonial is required. To the extent a response is required, Colonial lacks knowledge or information sufficient to form a belief as to the allegations in

Paragraph "25" of the Complaint and therefore denies them. Colonial avers that the PSA and MSA are written instruments and refers the Court to the documents for their terms, conditions and legal effect.

26. The allegations contained in Paragraph "26" of the Complaint is directed at Muller, only, therefore no response from Colonial is required. To the extent a response is required, Colonial lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph "26" of the Complaint and therefore denies them. Colonial avers that the PSA and MSA are written instruments and refers the Court to the documents for their terms, conditions and legal effect.

27. The allegations contained in Paragraph "27" of the Complaint is directed at Muller, only, therefore no response from Colonial is required. To the extent a response is required, Colonial lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph "27" of the Complaint and therefore denies them. Colonial avers that the PSA and MSA are written instruments and refers the Court to the documents for their terms, conditions and legal effect.

28. The allegations contained in Paragraph "28" of the Complaint is directed at Muller, only, therefore no response from Colonial is required. To the extent a response is required, Colonial lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph "28" of the Complaint and therefore denies them. Colonial avers that the PSA and MSA are written instruments and refers the Court to the documents for their terms, conditions and legal effect.

**IN RESPONSE TO COUNT TWO**
*(Bond Claim Against Colonial)*

29. Colonial repeats and re-alleges its response to every one of the foregoing allegations and statements contained in the above paragraphs, as if recited in full herein.

30. The allegations contained in Paragraph "30" of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Colonial denies the allegations contained in Paragraph "30" of the Complaint. Colonial avers that the correspondences are written instruments and refers the Court to the documents for their terms, conditions and legal effect.

31. The allegations contained in Paragraph "31" of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Colonial denies the allegations contained in Paragraph "31" of the Complaint. Colonial avers that the Bonds and the correspondences referenced herein are written instruments and refers the Court to the documents for their terms, conditions and legal effect.

32. The allegations contained in Paragraph "32" of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Colonial denies the allegations contained in Paragraph "32" of the Complaint. Colonial avers that the Bonds and the correspondences referenced herein are written instruments and refers the Court to the documents for their terms, conditions and legal effect.

33. The allegations contained in Paragraph "33" of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Colonial denies the allegations contained in Paragraph "33" of the Complaint. Colonial avers that the Bonds and the correspondences referenced herein are written instruments and refers the Court to the documents for their terms, conditions and legal effect.

34. The allegations contained in Paragraph "34" of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Colonial denies the allegations contained in Paragraph "34" of the Complaint. Colonial avers that the Bonds are written instruments and refers the Court to the documents for their terms, conditions and legal effect.

**WHEREFORE**, Colonial respectfully requests judgment dismissing the Complaint and awarding counsel fees, costs, and for any further relief this Court deems proper in favor of Colonial.

## AS AND FOR COLONIAL'S AFFIRMATIVE DEFENSES

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred based on lack of subject matter jurisdiction.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to comply with common law and/or statutory conditions precedent to bringing its claim and/or conditions precedent contained in the Bonds.

## AS AND FOR A FOURTH AFFIRMATION DEFENSE

Colonial's liability, if any, under the Bonds is limited by their terms, and Colonial has no liability under the Bonds for, <u>inter alia</u>, consequential damages, attorneys' fees, costs of suit or interest with respect thereto.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Colonial's liability, if any, is limited to the penal sum of the Bond, and to the extent that any entity other than Plaintiffs are entitled to the proceeds of Bond, Plaintiff's entitlement, if any, is limited to its proportional share.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred as against the Payment Bond as Plaintiff is not a proper claimant under the Payment Bond.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Colonial are subject to the defenses, set-offs and counterclaims of the bond's principal, ICC – International Ceramic Corp. d/b/a Muller Services, and Colonial incorporates each one of these defenses, set-offs and counterclaims by reference and asserts the benefit of same as barring or limiting Plaintiff's claims against the Bond.

### AS AND FOR AN EIGHT AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by waiver.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by and/or its claim is reduced by the doctrine of set-off.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are not covered by the Bonds.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims must be dismissed because Plaintiff failed to mitigate, minimize, or otherwise avoid its alleged losses and/or damages.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that any right to subrogation, indemnification, or contribution has been impaired and/or prejudiced by Plaintiff.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by overpayment and/or prepayment.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

Colonial reserves its right to amend its Answer to assert additional affirmative defenses on the completion of its investigation and discovery herein.

**WHEREFORE**, Colonial respectfully requests that this Court issue judgment on Plaintiff's Complaint as follows:

(a) that Plaintiff be determined and adjudged to not have valid and subsisting claims as against Colonial, to the extent such claims are being asserted, in the Complaint;

(b) that the affirmative claims against Colonial be dismissed, with prejudice;

(c) that the Complaint be dismissed, with prejudice; and,

(d) that the Court award Colonial litigation expenses, costs of suit, and other such relief as the Court may deem just and proper.

Respectfully submitted,

/s/ Jarrod W. Stone
Jarrod W. Stone, KY Bar No. 94219
MANIER & HEROD
1201 Demonbreun St., Suite 900
Nashville, TN 37203
Phone: (615) 244-0030
Fax: (629) 500-1137
JStone@manierherod.com

*Attorney for Defendant Colonial Surety Company*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 19, 2025, a true and correct copy of the foregoing was served by this Court's CM/ECF system to the following:

    Jean M. Terry
    Angelo D. DiBartolomeo
    MANION STIGGER, LLP
    One Riverfront Place
    500 West Jefferson Street, Suite 1610
    Louisville, Kentucky 40202

    *Attorneys for Plaintiff*

                                           */s/ Jarrod W. Stone*
                                           Jarrod W. Stone